IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

2006 MAR 23  PM 12: 23

SWIMC, INC. )
a corporation, )
)
)
      Plaintiff, )
)
v. )  Case No.  06   194
)
FINE PAINTS OF EUROPE, INC. )
a corporation, )
)
)
      Defendant. )

## COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, UNFAIR COMPETITION, AND DILUTION

### PARTIES AND JURISDICTION

1.    Plaintiff, SWIMC, Inc., is a Delaware corporation with its principal place of business in Wilmington, Delaware ("SWIMC").

2.    Defendant, Fine Paints of Europe, Inc., on information and belief, is a New York corporation with its principal place of business in Woodstock, Vermont.

3.    This court has jurisdiction because: (a) this is an action brought under the Trademark Laws of the United States (15 U.S.C. §§ 1051, *et seq.*), jurisdiction being conferred in accordance with 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a); (b) this action includes claims of unfair competition joined with a substantial and related claim arising under the Trademark Laws of the United States, jurisdiction being conferred in accordance with 28 U.S.C. § 1338(b); (c) this is a civil action between citizens of different states in which the value of the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, jurisdiction being conferred in accordance with 28 U.S.C. § 1332; and (d) this action includes claims that are so related to claims within such original jurisdiction that they form part of the

229262v4

same case or controversy, supplemental jurisdiction being conferred in accordance with 28 U.S.C. § 1367.

  4.  Venue is proper in this Court under 28 U.S.C. § 1391(b).

## FACTS

  5.  For many years, and long prior to the acts of defendant complained of herein, SWIMC, its licensees and its predecessors-in-interest have been engaged in the manufacture, distribution, advertising and sale of paint and paint-related products in commerce throughout the United States under certain trademarks involving the likeness of a "stylized Dutch Boy" and/or the words "Dutch Boy" (the "DUTCHBOY trademarks").

  6.  SWIMC owns federal registrations for its DUTCHBOY marks, including the following:

| Mark | Appl/Reg. No. | Filing/Reg. Date | Goods/Services |
|---|---|---|---|
| [stylized Dutch Boy figure] | 383,644 | 12/17/40 | Paint and varnish brushes |
| [Dutch Boy script logo] | 383,848 | 12/24/40 | Paint and varnish brushes |
| [DutchBoy script logo] | 1,138,132 | 07/29/80 | Paints |
| DUTCH BOY | 1,138,549 | 08/12/80 | Paints |

| Mark | Appl/Reg. No. | Filing/Reg. Date | Goods/Services |
|---|---|---|---|
| [Dutch Boy figure] | 1,161,535 | 07/21/81 | Paints |
| *Dutch Boy* [with figure] | 1,566,662 | 11/21/89 | Clear and pigmented coatings in the nature of paint |
| [Satisfaction Guaranteed Since 1907 seal] | 1,668,160 | 12/17/91 | Clear and pigmented coatings used in the nature of paint |
| [The Painter's Paint Since 1907 seal] | 1,798,998 | 10/19/93 | Clear and pigmented coatings used in the nature of paint |
| *DutchBoy* | 1,990,177 | 07/30/96 | Paper goods and printed matter, namely, pens; Fabrics, namely sports towels; Clothing, namely jackets, shirts and caps |
| *Dutch Boy* [with figure] | 1,995,725 | 08/20/96 | Paper goods and printed matter, namely, pens; Fabrics, namely sports towels; Clothing, namely jackets, shirts and caps; Toys and playthings, namely golf balls, golf kits comprised of ball markers, tees and bag tags and flying discs |
| DUTCH BOY | 2,524,224 | 01/01/02 | Paint color cards |
| *DutchBoy* | 2,529,143 | 01/15/02 | Paint color cards |

| Mark | Appl/Reg. No. | Filing/Reg. Date | Goods/Services |
|---|---|---|---|
| Dutch Boy | 2,535,631 | 02/05/02 | Paint color cards |

7. All of the above-referenced registrations are valid and subsisting. Registration Nos. 383,644, 383,848, 1,138,132, 1,138,549, 1,161,535, 1,566,662, 1,668,160, 1,798,998, 1,990,177, and 1,995,725 are incontestable in accordance with 15 U.S.C. §§ 1064 and 1115(b), and are conclusive evidence of the exclusive right to use the DUTCHBOY trademarks in connection with the registered goods. 15 U.S.C. § 1115(b).

8. SWIMC, its licensees and its predecessors-in-interest have sold many millions of dollars of worth of paint and paint-related products under its DUTCHBOY marks in the United States and has spent substantial sums in advertising its products under the DUTCHBOY marks, including advertising on the Internet web site of one of its licensees located at *www.dutchboy.com*.

9. As a result of such extensive sales and advertising, the DUTCHBOY marks have become famous in the United States.

10. As a result of such extensive sales and advertising, the DUTCHBOY marks represent extraordinarily valuable goodwill in the United States.

**Defendant's Business and Infringing Activities**

11. Defendant is engaged in the sale of paint and paint-related products.

12. Upon information and belief, on or around June 2002, defendant began the sale and advertising of paints under the trademark DUTCHLAC.

13. Defendant has applied to register the following trademark with the United States Patent and Trademark Office:

| Trademark | Appl. No. | Filing Date | Goods/Services |
|---|---|---|---|
| DUTCHLAC | 76/432,624 | July 18, 2002 | Interior and exterior enamel paint |

14.   On May 28, 2003, SWIMC instituted an opposition proceeding against defendant's Application Serial No. 76/432,624 for DUTCHLAC (Opposition No. 91/156,652), and Trademark Trial and Appeal Board has suspended this proceeding through April 23, 2006.

15.   Defendant prominently features the DUTCHLAC mark in its product packaging, advertising and promotional materials, including on its Internet web site located at *www.finepaintsofeurope.com* on which defendant advertises and promotes its paint and paint-related products.

16.   On information and belief, defendant began use of the DUTCHLAC name and mark with full knowledge of SWIMC's extensive use of its DUTCHBOY mark and the fame of the mark.

17.   Defendant's aforesaid activities are without the consent of SWIMC.

## COUNT I

### (INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARKS)

18.   SWIMC re-alleges paragraphs 1 through 17, as if fully set forth herein.

19.   Defendant's acts are likely to cause confusion, mistake or deception as to the source or origin of defendant's products in that purchasers and others are likely to believe that defendant or defendant's products are sponsored by, or connected or affiliated with SWIMC or the DUTCHBOY products.

20.   Defendant's acts constitute trademark infringement in violation of 15 U.S.C. §1114.

21. Defendant's acts greatly and irreparably damage SWIMC, and will continue to damage SWIMC unless restrained by this Court; therefore, SWIMC is without an adequate remedy at law.

## COUNT II

### (FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION)

22. SWIMC re-alleges paragraphs 1 through 17 as if fully set forth herein.

23. Defendant's acts constitute a false representation and a false designation of origin, which likely have caused and are likely to cause confusion, mistake or deception, in violation of Section 43(a) of the United States Trademark Act, 15 U.S.C. § 1125(a).

24. Defendant's actions greatly and irreparably damage SWIMC, and will continue to damage SWIMC unless restrained by this Court; therefore, SWIMC is without an adequate remedy at law.

## COUNT III

### (TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION UNDER DELAWARE STATUTORY AND COMMON LAW)

25. SWIMC re-alleges paragraphs 1 through 17, and 19, as if fully set forth herein.

26. Defendant's acts constitute an unfair and deceptive business practice in violation of the Uniform Deceptive Trade Practices Act, 6 Del. C. § 2531 *et. seq*, and trademark infringement and unfair competition in violation of the common law of various states, including Delaware.

27. Defendant's acts greatly and irreparably damage SWIMC, and will continue to damage SWIMC unless restrained by this Court; therefore, SWIMC is without an adequate remedy at law.

## COUNT IV

### (FEDERAL TRADEMARK DILUTION)

28. SWIMC realleges Paragraphs 1 through 17, as though fully set forth herein.

29. Defendant's use of a DUTCHLAC is causing or is likely to cause dilution of the distinctive quality of SWIMC's strong and famous DUTCHBOY mark.

30. Defendant's aforesaid acts constitute trademark dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

31. Defendant's acts are greatly and irreparably damaging to SWIMC and will continue to damage SWIMC unless enjoined by this Court; therefore, SWIMC is without an adequate remedy at law.

### COUNT V

### (TRADEMARK DILUTION UNDER DELAWARE LAW)

32. SWIMC realleges Paragraphs 1 through 17, as though fully set forth herein.

33. Defendant's use of a DUTCHLAC is causing or is likely to cause dilution of the distinctive quality of SWIMC's strong and famous DUTCHBOY mark.

34. Defendant's aforesaid acts constitute trademark dilution in violation of the Delaware Trademark Act, 6 Del. C. § 3313.

35. Defendant's acts are greatly and irreparably damaging to SWIMC and will continue to damage SWIMC unless enjoined by this Court; therefore, SWIMC is without an adequate remedy at law.

WHEREFORE, SWIMC prays that:

1. Defendant, its officers, agents, servants, employees and attorneys, representatives, successors and assigns, and any and all persons acting by, through or under authority of defendant, be permanently enjoined and restrained from:

   a. using the trademark DUTCHLAC, or any colorable imitation of SWIMC's DUTCHBOY marks, or any name or mark that is confusingly similar to DUTCHBOY;

   b. doing any act or engaging in any conduct that is likely to dilute or diminish the value and goodwill owned by SWIMC in its DUTCHBOY marks; and

   c. doing any other act or thing likely to induce the belief that defendants' business or products are in any way connected with SWIMC's business or products, or are sponsored approved by SWIMC's.

2. Defendant be required:

   a. to account for and pay over to SWIMC all gains, profits, enrichments, and advantages wrongfully derived by defendant through its trademark infringement, false designation of origin and unfair competition, including prejudgment interest, in accordance with 15 U.S.C. § 1117 (a) and the laws of the State of Delaware;

   b. to pay over to SWIMC the actual damages suffered by SWIMC through defendant's trademark infringement, false designation of origin and unfair competition, including prejudgment interest, in accordance with 15 U.S.C. § 1117 (a) and the laws of the State of Delaware;

   c. to pay to SWIMC three times the damages suffered by SWIMC by reason of intentional and unlawful acts of defendant, in accordance with 15 U.S.C. § 1117 (a);

  d. to pay to SWIMC punitive and exemplary damages for defendant's deliberate and willful trademark infringement, false designation of origin and unfair competition;

  e. to pay to SWIMC the costs of this action, including reasonable attorneys' fees, as provided in 15 U.S.C. § 1117;

  f. to abandon all trademark applications and registrations for marks containing or consisting of DUTCHLAC and any marks confusingly similar to the DUTCHBOY marks; and

  g. file with this Court and serve on counsel for SWIMC within thirty (30) days after entry of an injunction issued by this Court, a sworn written statement as provided in 15 U.S.C. § 1116.

3. Awarding SWIMC such further relief as this Court deems just and equitable.

MONZACK and MONACO, P.A.

/s/ Kevin J. Mangan
Kevin J. Mangan (#3810)
1201 North Orange Street, Suite 400
Wilmington, DE 19801
(302) 656-8162

and

PATTISHALL, McAULIFFE, NEWBURY,
HILLIARD & GERALDSON LLP
Raymond I. Geraldson, Jr.
Thad Chaloemtiarana
Angela K. Steele
311 South Wacker Drive, Suite 5000
Chicago, Illinois 60606
(312) 554-8000

Counsel for SWIMC, INC.

JS 44 (Rev. 11/04)            **CIVIL COVER SHEET**     06    194

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
SWIMC, INC.

**(b)** County of Residence of First Listed Plaintiff    NEW CASTLE, DE
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)   KEVIN J. MANGAN
MONZACK AND MONACO, 1201 N. Orange Street, Suite 400, Wilmington, DE 19801; 302

### DEFENDANTS
FINE PAINTS OF EUROPE, INC.

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known) Charles E. Baxley, Esq., and James F. Baxley, Esq., hart, Baxley, Daniels & Holton, 90 John St., 3rd Fl., New York, NY 10038

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☒ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 340 Marine | ☐ 660 Occupational Safety/Health | | ☐ 490 Cable/Sat TV |
| | **PERSONAL PROPERTY** | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 550 Civil Rights | | | |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | | | |
| | ☐ 440 Other Civil Rights | | | |

### V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. Sections 1051, et seq.
Brief description of cause:
Complaint for Trademark Infringement, false designation of origin,

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ Injunctive and montary damages
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

### VIII. RELATED CASE(S) IF ANY
(See instructions): N/A
JUDGE _____ DOCKET NUMBER _____

DATE 3/23/06
SIGNATURE OF ATTORNEY OF RECORD /s/ Kevin J. Mangan

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. _____

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ____2____ COPIES OF AO FORM 85.

_3/23/06_
(Date forms issued)

_____
(Signature of Party or their Representative)

___Bryan J. Davis___
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action